UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

LAWRENCE HAMLIN,

                           Plaintiff,

-against-

THE CITY OF NEW YORK, COMMISSIONER RAYMOND KELLY, DEPUTY INSPECTOR JOSEPH T. CAMPBELL, POLICE OFFICER CHRISTOPHER T. JENNINGS, #22036, AND POLICE OFFICERS JOHN DOES 1-7,

                           Defendants.

------------------------------------------------------------------------x

**ANSWER**

**07 CV 7547 (BSJ)(DFE)**

JURY TRIAL DEMANDED

      Defendants City of New York, Raymond Kelly, and Christopher Jennings, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows[1]:

      1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

      2. Deny the allegations set forth in paragraph "2" of the complaint.

      3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to seek the damages as stated.

      4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to bring this action and to invoke pendent and supplementary jurisdiction of the Court as stated therein.

---

[1] Upon information and belief, Deputy Inspector Joseph Campbell has not yet been properly served with process in this action.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to proceed as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department and that plaintiff purports to sue him as stated therein.

10. *Deny the allegations set forth in paragraph "10" of the complaint, except admit that Joseph Campbell is employed by the City of New York Police Department as an Inspector and that plaintiff purports to sue him as stated therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admit that Officer Jennings is employed by the City of New York as a police officer.

12. Paragraph "12" of the complaint contains conclusions of law rather then averments of fact and accordingly requires no response.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that a document purporting to be a notice of claim was received by the New York City Office of the Comptroller on or about September 27, 2005, and that the purported claim has not been settled.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was in the vicinity of Fulton and Boyland Street on July 2, 2005.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that the criminal charges against plaintiff were ultimately dismissed pursuant to an adjournment in contemplation of dismissal.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, including all subparts thereto.

19. In response to the allegations set forth in paragraph "19" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "18" inclusive of this answer, as if fully set forth herein.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "21" inclusive of this answer, as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

30. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

31. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

32. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

33. Defendants Kelly and Jennings have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

34. Plaintiff may have failed to comply with the conditions precedent to suit under State Law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

35. At all times relevant to the incident, defendants acted reasonably, in the proper, lawful exercise of their discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

36. Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

37. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

38. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

39. Plaintiff's claims may be barred in part by the doctrines of *res judicata* and/or *collateral estoppel*.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

40. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore the City of New York is entitled to governmental immunity.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

41. Punitive damages cannot be assessed against the City of New York.

**WHEREFORE,** defendants City of New York, Raymond Kelly, and Christopher Jennings request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          December 28, 2007

                                  MICHAEL A. CARDOZO
                                  Corporation Counsel of the
                                      City of New York
                                  Attorney for Defendants City of New York,
                                  Raymond Kelley, and Christopher Jennings
                                  100 Church Street, Room 3-208
                                  New York, New York 10007
                                  (212) 788-1895

By: _____
        Jessica T. Cohen (JC 0044)
        Assistant Corporation Counsel

cc:  Nicole Bellina, Esq.
     Stoll, Glickman and Bellina
     71 Nevins St.
     Brooklyn, New York 11217 (via first-class mail and ECF)

Index No. 07 CV 7547 (BSJ)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAWRENCE HAMLIN,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, COMMISSIONER RAYMOND KELLY, DEPUTY INSPECTOR JOSEPH T. CAMPBELL, POLICE OFFICER CHRISTOPHER T. JENNINGS, #22036, AND POLICE OFFICERS JOHN DOES 1-7,

                              Defendants.

**ANSWER**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Jessica T. Cohen*
*Tel: (212) 788-1895*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................................................................, 200...*

*............................................................................................................... Esq.*

*Attorney for .........................................................................................................*

## DECLARATION OF ECF FILING

I, Jessica Cohen, declare, pursuant to 28 U.S.C. § 1746, under the penalty of perjury that on **December 28, 2007**, I attempted to file the annexed **ANSWER** and serve upon the following individual, through the Electronic Case Filing ("ECF") of the Southern District of New York; however, please note that ECF was unavailable on December 28, 2007. Thus, the annexed document was served on plaintiff's counsel by mail on December 28, 2007 and is being filed by ECF today **December 31, 2007**, to wit:

Nicole Bellina, Esq.
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217

Dated: New York, New York
       December 31, 2007

Jessica Cohen
Assistant Corporation Counsel
Special Federal Litigation Division