UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

LAWRENCE HAMLIN,

                              Plaintiff,

                -against-

THE CITY OF NEW YORK, COMMISSIONER
RAYMOND KELLY, DEPUTY INSPECTOR JOSEPH T.
CAMPBELL, POLICE OFFICER CHRISTOPHER T.
JENNINGS, #22036, AND POLICE OFFICERS JOHN
DOES 1-7,

                              Defendants.

**ANSWER**

**07 CV 7547 (BSJ)(DFE)**

**JURY TRIAL DEMANDED**

------------------------------------------------------------------x

        Defendant Joseph Campbell, by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges upon information and belief, as follows[1]:

        1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the complaint.

        3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to seek the damages as stated.

        4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to bring this action and to invoke the pendent and supplementary jurisdiction of the Court as stated therein.

---

[1] Defendants City of New York, Raymond Kelly, and Christopher Jennings served their answer to plaintiff's complaint on December 28, 2007.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to proceed as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to base venue as stated therein.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Admits the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that Raymond Kelly is the Commissioner of the New York City Police Department and that plaintiff purports to sue him as stated therein.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that Joseph Campbell is employed by the City of New York Police Department as an Inspector and that plaintiff purports to sue him as stated therein.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admits that Officer Jennings is employed by the City of New York as a police officer.

12. Paragraph "12" of the complaint contains conclusions of law rather then averments of fact and accordingly requires no response.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that a document purporting to be a notice of claim was received by the New York City Office of the Comptroller on or about September 27, 2005, and that the purported claim has not been settled.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that plaintiff was in the vicinity of Fulton and Boyland Street on July 2, 2005.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits that the criminal charges against plaintiff were resolved pursuant to an adjournment in contemplation of dismissal.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint, including all subparts thereto.

19. In response to the allegations set forth in paragraph "19" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "18" inclusive of this answer, as if fully set forth herein.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "21" inclusive of this answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

30. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

31. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

32. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

33. Defendant Campbell has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

34. Plaintiff may have failed to comply with the conditions precedent to suit under State Law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

35. At all times relevant to the incident, defendant acted reasonably, in the proper, lawful exercise of his discretion.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

36. Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

37.     Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

38.     There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

39.     Plaintiff's claims may be barred in part by the doctrines of *res judicata* and/or *collateral estoppel*.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

40.     Defendant Campbell was not personally involved.

**WHEREFORE,** defendant Joseph Campbell requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           January 10, 2008

>                    MICHAEL A. CARDOZO
>                    Corporation Counsel of the
>                      City of New York
>                    Attorney for Defendants City of New York,
>                    Raymond Kelley, Christopher Jennings, and Joseph
>                    Campbell
>                    100 Church Street, Room 3-208
>                    New York, New York 10007
>                    (212) 788-1895
>
>              By:   _____
>                    Jessica T. Cohen (JC 0044)
>                    Assistant Corporation Counsel

cc:   Nicole Bellina, Esq.
      Stoll, Glickman and Bellina
      71 Nevins St.
      Brooklyn, New York 11217 (via ECF)

Index No. 07 CV 7547 (BSJ)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAWRENCE HAMLIN,

Plaintiff,

-against-

THE CITY OF NEW YORK, COMMISSIONER RAYMOND KELLY, DEPUTY INSPECTOR JOSEPH T. CAMPBELL, POLICE OFFICER CHRISTOPHER T. JENNINGS, #22036, AND POLICE OFFICERS JOHN DOES 1-7,

Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Jessica T. Cohen*
*Tel: (212) 788-1895*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................................................., 200...*

*................................................................................................................. Esq.*

*Attorney for ........................................................................................................*